J. G. JUSTIS COMPANY, a corporation of the State of Delaware, *vs.* FRANK T. SPICER, owner or reputed owner.

MECHANICS' LIENS—RIGHT TO LIEN—EXISTENCE OF CONTRACT—"CONTRACTOR".
*Rev. Code of* 1915, § 2843, *par.* 1, provides for a materialman's lien for material furnished in the erection or alteration of any house or building in pursuance of any contract with the owners thereof, or with any contractor who shall have contracted for its erection. An insured building was injured by fire, and the insurance company undertook its repair at its own expense. The insurance company employed a contractor to make the repairs, and in the course of such repairs plaintiff furnished certain materials. *Held,* that the insurance company was not a "contractor," within the statute, and that therefore the materialman could not file a mechanic's lien thereunder.

(*June* 14, 1915.)

Judges RICE and HEISEL sitting.

*Reuben Satterthwaite, Jr.,* for plaintiff.

*Robert G. Harman* for defendant.

Superior Court, New Castle County, May Term, 1915.

AMICABLE ACTION IN MECHANICS' LIEN (No. 100, March Term, 1915), by the J. G. Justis Company against Frank T. Spicer, upon an agreed statement of facts, the same being set out in the opinion of the court.

RICE, J., delivering the opinion of the court:

This is a case stated in an amicable action in mechanics' lien.

It appears in the agreed statement of facts filed that Frank T. Spicer, the defendant, owned a certain lot of land with the buildings thereon erected, in the Town of Marshallton, New Castle County, and insured the buildings, against loss by fire, with the Home Insurance Company of New York; that during the life of the policy of insurance the buildings were damaged by fire, whereupon the owner requested the company to pay him in money the loss he thereby sustained; the company refused to do this, and elected under the terms of the policy to repair the damaged buildings. The insurance company employed a contractor to do the work of repairing, and the plaintiff furnished materials for the repair of the buildings, under a contract with that contractor.

The plaintiff claims when the insurance company elected under the terms of the policy to repair the buildings that it thereby became a contractor with the owner for the repair of the buildings within the terms of *Section* 1 of the *Mechanics' Lien Act.*

The defendant contends that the insurance company was not a contractor with the owner within the purview of the act.

The authorities seem to hold that as *between the parties* to a contract of fire insurance an election, under the terms of the policy, by the insurance company to build or repair buildings damaged by fire, converts the insurance policy into a building contract, and any action by the insured against the insurer for failure to build under the election is based upon a breach of the contract to rebuild or repair.

The question presented in this case is whether the insurance company under the agreed statement of facts is a contractor who contracted with the owner for the repair of the damaged buildings,

within the terms of *Paragraph* 1, § 2843, *Revised Code of* 1915, which in part is as follows:

"It shall and may be lawful for any person or persons having performed or furnished work and labor or material, or both, to an amount exceeding twenty-five dollars in or for the erection, alteration, or repair of any house, building, or structure, in pursuance of any contract, express or implied, with the owners of such house, building or structure, or with the agent of such owner, or with any contractor who shall have contracted for the erection, alteration, or repair of the same, and for the furnishing of the whole or any part of the materials therefor, to obtain a lien upon such building, house, or structure, and upon the ground upon which the same may be situated, or erected. * * * "

The purpose of this section was to protect by means of a lien on the land and buildings the interests of persons furnishing materials for the erection or repair of buildings under a contract with the owner or his agent, or to a contractor who had contracted with the owner or his agent for the erection or repair of the buildings.

The materials being furnished for the building, and the owner being the one benefited thereby, it was only natural that, in the event of the owner's failure to see that persons furnishing materials used in the building, to a contractor who had contracted with the owner for the erection or repair of the building were paid for the materials, the owner should be made liable for such debts, and the materialmen given the right to lien the building for the amount of the materials furnished. The Legislature therefore provided by *paragraph* 1 of *Section* 2843 that the buildings for which the materials were furnished could be liened for the amount of the materials, and the materialman thereafter would not be compelled to resort to other and often inadequate remedies.

However under this law it was possible for the owner to protect himself in making payments on the buildings erected or repaired, by compelling the original contractor to procure proper releases signed by the materialman before he paid the original contractor, and that it was not the intention of the Legislature to leave the owner without protection in this respect is indicated in another paragraph of the same statute wherein it is provided that if the buildings should be liened by a materialman and the

lien paid off by the owner he should be credited for the amount
so paid when he makes settlement with the original contractor.

In the present case the owner contracted with the insurance
company for indemnity against loss or damage to his buildings
by fire. His contract with the company was solely one of indem-
nity. The company's election to rebuild was a matter the owner
did not consent to and over which he had no control unless it can
be said that he consented to it when he entered into the contract
of indemnity. He had no choice in the selection of the contractor.
It appears from the agreed statement of facts that the owner
upon the election by the company was unable to protect himself
by seeing that the materialman was paid before the original con-
tractor was paid for the repairs. The payments were entirely
under the control of the insurance company, and the insurance
company was not under the direction of the owner in any respect.

On the other hand the materialman cannot successfully claim
that the owner was the one benefited and as the materialman
was without fault, then under the intent and purpose of *para-
graph* 1 he should be allowed to file his lien. It was possible for
the materialman to protect himself if he desired to do so by ascer-
taining whether or not the original contractor had a contract
with the owner, before he furnished the materials, and it cannot
be said that it was not his duty to do this unless he was willing
to furnish materials on a chance that the owner or his agent had
contracted for the erection or repair.

Under the agreed statement of facts filed it appears that the
insurance company, at the time it contracted with the contractor
for the repair work, was acting independent of the owner and was
not, in the slightest extent, under his control or direction. There
was nothing to connect the owner with the work, unless it was the
fact that they were his buildings, and he had entered into a con-
tract of indemnity with the insurance company concerning the
buildings. Under the contract of indemnity he had paid his pre-
miums and performed his covenants. The company, after the
fire, in order to perform its covenants contracted for the repairs to
the buildings. The company, and not the owner, made the con-
tract with the contractor. Can it be said that under such a state-

ment of facts that the insurance company was a contractor who had contracted with the owner, or his agent, for the erection, alteration or repair of a building, within the intent and meaning of *paragraph* 1.

We are clearly of the opinion, that under the facts disclosed in the statement filed, that the insurance company was not a contractor within the intent and meaning of the mechanics' lien statute, and therefore the claimant did not furnish materials to a contractor who had contracted with the owner, or his agent for the erection, alteration or repair of his buildings.

For the reasons assigned the court are of the opinion that J. G. Justis Company, the plaintiff, could not, within ninety days from the last delivery of materials furnished by them for the buildings, have filed a statement of their claim upon which statement of claim judgment could have been entered under the law. Therefore we direct and enter judgment in favor of the defendant for costs.